```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
          v.                    :
                                :
EDWIN OCASIO                    :        NO. 15-83-05
```

MEMORANDUM

Bartle, J.                                          January 19, 2016

Before the court is the motion of defendant Edwin Ocasio ("Ocasio") for "review of United States Magistrate's denial of bail pursuant to 18 U.S.C. § 3145; 28 U.S.C. § 1291."

On September 23, 2015, Ocasio was charged by superseding indictment with: conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B); three counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) including one count of aiding and abetting the distribution of cocaine in violation of 18 U.S.C. § 2; two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and five counts of unlawful use of a communication facility in furtherance of a drug felony in violation of 21 U.S.C. § 843(b).

On December 15, 2015, the Magistrate Judge granted the government's motion for temporary detention and, on December 18,

2015, granted the government's motion for pretrial detention. Ocasio now seeks review of this order. We held an evidentiary hearing and now make a de novo determination of the defendant's eligibility for bail.  See United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985).

I.

Bail is to be determined in accordance with the Bail Reform Act, 18 U.S.C. §§ 3141 et seq.  Under § 3142, the court is to release a defendant on personal recognizance or subject to conditions unless it determines after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  Id. § 3142(e), (f).  It is the government's burden to prove by clear and convincing evidence that no such conditions exist.  The Bail Reform Act also provides for a rebuttable presumption in favor of detention under certain circumstances:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed —
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.).

Id. § 3142(e)(3) (emphasis added).

Our Court of Appeals has "h[e]ld[ ] that the indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)." See United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). It explained "that there is no reason to require a judicial officer to repeat a process already performed by the grand jury at the possible expense of what is the proper focus in detention hearings, 'the application of the presumptions and the § 3142(g) factors in deciding whether the defendant should be detained.'" See id. (quoting United States v. Contreras, 776 F.2d 51, 54 (2d Cir. 1985)).

Here, the rebuttable presumption applies because Ocasio has been charged with a violation of the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed.[1]  The grand jury could not have returned an indictment on these counts unless it first determined that there was probable cause to believe Ocasio

---

1. Ocasio is charged in Count 1 with conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine.  He faces a maximum sentence of life imprisonment for this offense.  See 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B).

He is also charged with multiple counts of distribution of cocaine and possession with intent to distribute cocaine.  He faces a maximum term of imprisonment of twenty years for each of those offenses.  See 21 U.S.C. § 841(a)(1), (b)(1)(C).

participated in the alleged illegal activities.  See Suppa, 799 F.2d at 119.  Thus, subject to Ocasio's overcoming the presumption, we must presume that no conditions of pretrial release would protect the safety of the community and ensure Ocasio's appearance in this matter.

## II.

To overcome the rebuttable presumption, "the defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community."  United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986).  Yet, "the burden of persuading the Court that the defendant is dangerous or will not appear for trial remains with the Government."  See, e.g., United States v. Nichols, 2015 WL 2126807, at *1 (E.D. Pa. May 5, 2015).  We consider the following factors in assessing whether Ocasio has rebutted the presumption against pretrial release and whether the government has met its burden of persuasion:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > a. the person's character, physical and mental condition, family ties,

>               employment, financial resources,
>               length of residence in the
>               community, community ties, past
>               conduct, history relating to drug
>               or alcohol abuse, criminal
>               history, and record concerning
>               appearance at court proceedings;
>               and
>
>          b.   whether, at the time of the
>               current offense or arrest, the
>               person was on probation, on
>               parole, or on other release
>               pending trial, sentencing, appeal,
>               or completion of sentence for an
>               offense under Federal, State, or
>               local law; and
>
>     (4)  the nature and seriousness of the
>          danger to any person or the community
>          that would be posed by the person's
>          release.

18 U.S.C. § 3142(g).

We begin with the nature and circumstances of the charged offenses. As noted above, the superseding indictment charged Ocasio with conspiracy to distribute five kilograms or more of cocaine from in or about April 2011 to in or about December 2013, possession with intent to distribute cocaine in 2013, distribution of cocaine and aiding and abetting distribution of cocaine in 2013, and unlawfully using a communication facility in furtherance of a drug felony in 2013. Ocasio faces substantial penalties for these charged offenses. These include a maximum penalty of life imprisonment, a mandatory minimum penalty of ten years, and a Sentencing

Guidelines range between 121 and 151 months.  If convicted, he could also be subject to a $15,000,000 fine and a $1,100 special assessment.  The seriousness of the charges and the severity of the penalties weigh against granting pretrial release.

The government has compiled extensive evidence in this case including recorded telephone conversations, electronic surveillance, testimony of cooperating witnesses, and testimony of law enforcement officers.  The government contends that this evidence will directly implicate Ocasio as a participant in the charged drug trafficking offenses.  It expects to prove that Ocasio frequented the home of co-defendant Jimmy Parrilla ("Parrilla") to distribute and purchase several kilograms of cocaine.  Evidence will be offered that Ocasio obtained cocaine from co-defendant Guillermo Iglesias through Parrilla.  The government will show that Ocasio and Parrilla made 416 telephone calls between in or about April 2011 and in or about December 2013.  Based on what has been represented, the substantial body of evidence also weighs against Ocasio's pretrial release.[2]

Although he has been sober since late 2013, Ocasio has previously used alcohol to excess and smoked marijuana.  Ocasio was convicted of a misdemeanor possession of narcotics in 2003.  He was convicted for driving under the influence once in 2005

---

2.  However, we wish to emphasize that we are not making any determination at this stage as to what verdict the jury is likely to reach at trial.

-6-

and twice in 2007. He was also convicted in 2012 for a misdemeanor contempt of court. He was not sentenced to jail time for this offense.

By the end of 2013, Ocasio had taken substantial steps towards becoming a productive and law-abiding citizen. All conduct alleged in the superseding indictment had ceased at this point. He had also ended his consumption of alcohol and had taken on full financial and physical responsibility to care for his four year old son. The child's mother is unable to care for him because of her own battle with drug addiction. The child is presently in the care of Ocasio's twenty-year old daughter while Ocasio is in federal custody.

In approximately September 2013, Ocasio obtained full-time employment at Rapid Restoration, a disaster restoration and construction company. In this employment, Ocasio performs mechanical work in the carpentry, plumbing, and electrical trades. This employment has played a substantial role in Ocasio's transition. Because many of its employees are former drug addicts, Rapid Restoration provides a support network for Ocasio in battling his substance abuse problems. His direct supervisor at Rapid Restoration was present at the hearing on January 15, 2016, and the company's president submitted a letter to be read in court expressing his high opinion of Ocasio.

Ocasio is a lifelong resident of Philadelphia. He owns a home and adjoining lot in Philadelphia. He does not have a passport, has not ever traveled outside the United States, and does not have connection to any other region within the United States. His parents, siblings, niece, nephews, and children all live in Philadelphia. Many of these individuals were present at the hearing. He has no history of violence or the use of firearms.

We find that Ocasio has provided credible evidence that there are conditions of release which guarantee his appearance in this matter and the safety of the community. As such, Ocasio has overcome the rebuttable presumption against his pretrial release.

We further find that the government has not met its burden to prove by clear and convincing evidence that there are no conditions of release which would guarantee the appearance of Ocasio in this case. As noted above, Ocasio has lived in Philadelphia for his entire life. He owns his Philadelphia home and is the sole caretaker for his four year old child. His close family members all live in Philadelphia. He maintains steady employment in Philadelphia, and his employer has supported him both in overcoming his addiction and addressing the charges in this case. He has not ever left the United States and does not have a passport. For these reasons,

-8-

Ocasio's pretrial release does not present a substantial risk of flight.

We also find that the government has not met its burden to prove by clear and convincing evidence that Ocasio presents a danger to the community.  Although the government is correct that drug trafficking endangers the community, it is unlikely that Ocasio's pretrial release will contribute to that danger.  All of the charged offenses concern conduct that took place more than two years ago.  There is no evidence that Ocasio has since engaged in drug-related conduct.  While the superseding indictment alleges offenses involving drug distribution and possession, it does not allege weapon possession or violent conduct.  Furthermore, while Ocasio has prior convictions, those all occurred more than three years ago and none is for a violent crime.  For more than two years, he has been sober, maintained steady and gainful employment, and served as the sole caretaker for his young child.  Under present circumstances, there appears to be minimal risk that Ocasio will engage in drug trafficking or other dangerous activities while awaiting trial.

In weighing the § 3142 factors, we also take into account that Pretrial Services has recommended that Ocasio be released on condition.  We acknowledge that this case involves serious charges, severe penalties, and a substantial body of

evidence. Yet, for the above reasons, we find that the government has not shown by clear and convincing evidence that there is no condition or combination of conditions of pretrial release that would reasonably assure Ocasio's appearance in this matter and the safety of the community. See 18 U.S.C. § 3142(e), (f).

We find that his presence at trial and the safety of the community can be secured by electronic monitoring, home confinement with limited preapproved travel, and a bond on his home and adjoining land worth $90,000 and $30,000, respectively. These are the conditions of released recommended by Pretrial Services.

The motion of Edwin Ocasio to reconsider his pretrial detention will be granted. He will be released pending trial subject to the conditions described in the accompanying order.